**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0006234
03-FEB-2015
07:57 AM**

NO. CAAP-13-0006234

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CORAZON D. CONSTANTINO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 10-1-0206)

SUMMARY DISPOSITION ORDER
(By: Leonard and Ginoza, JJ. with
Nakamura, C.J., concurring separately)

Defendant-Appellant Corazon D. Constantino
(Constantino) appeals from an "Amended Judgment; Guilty
Conviction and Probation Sentence, Notice of Entry" (Amended
Judgment) filed on October 31, 2013, in the Circuit Court of the
Fifth Circuit (circuit court).[1]

An Indictment filed on July 22, 2010 charged
Constantino with three Counts: two counts of Sexual Assault in
the Third Degree in violation of Hawaii Revised Statutes
(HRS) § 707-732(1)(b) (2014) (Counts 1 and 2); and one count of
Attempted Sexual Assault in the Third Degree in violation of
HRS §§ 705-500 (2014) and 707-732(1)(b) (Count 3).

On December 14, 2010, Constantino filed a Motion to
Dismiss (Defective Charge Motion) alleging that the Indictment
was defective for failing to allege all elements of the charges,

---

[1]  The Honorable Kathleen N.A. Watanabe presided.

specifically that it failed to allege that Constantino was not married to the complaining witness (CW), a minor.  The circuit court denied the motion.

On February 28, 2011, Constantino also filed a Motion to Dismiss for Lack of Probable Cause on grounds that Plaintiff-Appellee State of Hawai'i (State) failed to present evidence of probable cause to the grand jury to support the Indictment, particularly that Constantino was not married to the CW.  The circuit court denied the motion.

On January 22, 2013, Constantino filed a motion to reconsider the order denying the Defective Charge Motion (Motion to Reconsider), again challenging the Indictment as being defective for failing to allege that Constantino was not married to the CW.  The circuit court issued an order on February 7, 2013 denying the motion.

Subsequently, on March 6, 2013, pursuant to a plea agreement, Constantino pled no-contest to an amended Count 1 -- Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(f) (2014) -- in return for the State dismissing Counts 2 and 3 with prejudice.

Constantino thereafter sought to withdraw his no-contest plea, but his motion in this regard was denied by the circuit court.  The Amended Judgment was subsequently entered against Constantino pursuant to his no-contest plea, convicting him of Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(f).[2]

---

[2] Pursuant to the plea agreement, the parties agreed that Constantino would plead to the amended offense under HRS § 707-732(1)(f) rather than the charged offense under HRS § 707-732(1)(b).  HRS § 707-732(1)(b) and (f) provide in relevant part:

§707-732 Sexual assault in the third degree. (1) A person commits the offense of sexual assault in the third degree if:

. . . .

(b)    The person knowingly subjects to sexual contact another person who is less than fourteen years old or
(continued...)

On appeal, Constantino's points of error assert that the circuit court erred in: (1) denying his motions for dismissal; and (2) denying his motion to withdraw no-contest plea.

The State concedes that, in light of this court's ruling in State v. Muller, No. CAAP-10-0000225, 2014 WL 444230, 131 Hawai'i 331, 318 P.3d 621 (App. Jan. 31, 2014) (SDO), cert. denied, No. SCWC-10-0000225, 2014 WL 1758391 (Haw. Apr. 29, 2014), the Indictment was insufficient, the Amended Judgment should be vacated, and the case dismissed without prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that the State's concession of error is appropriate, that Constantino's conviction must be vacated, and the case must be remanded for dismissal without prejudice.

"The issue of whether a complaint provides sufficient notice to a defendant is reviewed under the *de novo*, or right/wrong, standard." State v. Codiamat, 131 Hawai'i 220, 223, 317 P.3d 664, 667 (2013).

---

[2](...continued)
> causes such a person to have sexual contact with the person;

>     . . . .

> (f)    The person knowingly, by strong compulsion, has <u>sexual contact</u> with another person or causes another person to have sexual contact with the actor.

(Emphasis added.) In turn, "sexual contact" is defined in HRS § 707-700 (2014) as:

> any touching, other than acts of "sexual penetration", of the sexual or other intimate parts of a person <u>not married to the actor</u>, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.

(Emphasis added.)

3

As this court held in <u>Muller</u>,

> The Hawai'i Supreme Court has set out the four material elements of the offense of sexual assault in the third degree under HRS § 707-732(1)(b), one of which is "that the defendant was aware that the Minor was not married to him (i.e., the requisite knowing state of mind with respect to the attendant circumstance implicit in 'sexual contact,' ...).". *State v. Arceo*, 84 Hawai'i 1, 15, 928 P.2d 843, 857 (1996). Therefore, Count II [alleging Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(b)] should have alleged that Muller *was aware* that the complainant was not married to him.

<u>Muller</u>, 2014 WL 444230 at *1 (original brackets omitted).

Here, Constantino filed motions in the circuit court asserting that the Indictment was deficient for failing to allege that Constantino was not married to the CW. Consistent with <u>Muller</u>, we conclude that because the counts in the Indictment -- all of which involved HRS § 707-732(1)(b) -- failed to allege the essential element that Constantino was aware that the CW was not married to him, the Indictment was deficient. Constantino's conviction must be vacated and the case dismissed without prejudice. We need not reach Constantino's second point of error.

Therefore,

IT IS HEREBY ORDERED that the "Amended Judgment; Guilty Conviction and Probation Sentence, Notice of Entry" filed by the Circuit Court of the Fifth Circuit on October 31, 2013, is vacated. The case is remanded to the circuit court with instructions to dismiss the case without prejudice.

DATED: Honolulu, Hawai'i, February 3, 2015.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauai
for Plaintiff-Appellee

Associate Judge

Associate Judge

4